# STATE EX REL. J. M. CARLTON v. FRANK A. WEED.[1]

No. 32,660.

September 27, 1940.

*Frank L. King,* for relator.

*C. Fred Hanson,* County Attorney, and *R. S. Thornton,* City Attorney, for respondent.

LORING, JUSTICE.

This is a proceeding for a writ of prohibition against Frank A. Weed, a justice of the peace in the city of Alexandria, restraining him from proceeding in an action then pending in his court entitled "State of Minnesota v. J. M. Carlton." Defendant, Carlton, is the relator here.

Carlton was prosecuted for failure to pay for lodging. He was brought before Justice of the Peace Youtz, where he entered a plea of not guilty. Youtz set the case for trial on July 2, 1940, at which time defendant voluntarily appeared and the case was heard by respondent, Justice of the Peace Frank A. Weed, without objection. Respondent found Carlton guilty as charged and ordered a 30-day sentence suspended upon condition that Carlton pay the

[1]Reported in 294 N. W. 370.

innkeeper, the complainant in the criminal action, the sum of money determined to be due. Relator did not pay the money, but applied for this writ of prohibition.

Alexandria is incorporated under a home rule charter. Shortly before the filing of the complaint in the criminal action, a municipal court was established there pursuant to the Laws of 1895 and a judge thereof appointed.

Relator raises several questions, but, as we view the case, only one is determinative. That is the question whether the justice of the peace had jurisdiction. 1 Mason Minn. St. 1927, § 221, provides:

"No justice of the peace shall have jurisdiction of offenses committed in any city or village wherein a municipal court is organized and existing, but all such offenses otherwise cognizable by a justice shall be examined and tried by such municipal court, and, all cases arising under the charter, ordinances, or by-laws of such city or village shall be tried by said court *without a jury*. Said court shall have jurisdiction concurrently with the justices of all offenses committed elsewhere within the county."

This statute as it appeared in R. L. 1905, § 131, did not contain the words "without a jury" (above italicized). L. 1913, c. 104, made that addition, and in all other respects substantially reënacted the statute as found in R. L. 1905, § 131.

G. S. 1894, § 5093, defined the general jurisdiction and operation of justice courts in criminal matters. Subsection 4 of that section provides:

"To cause to come before them persons who are charged with committing any criminal offence, and commit them to jail, or bail them, as the case may require."

L. 1905, c. 104, § 1, amended this subsection by adding thereto the following:

"Provided, however, that no justices of the peace shall have jurisdiction of any offenses committed within the limits of any city or village wherein a municipal court is organized and existing, but such offenses, otherwise cognizable by justices of the peace, and those arising under the charter ordinances or by-laws of the city or village shall be examined or tried by the municipal court therein existing; provided, this act shall not apply to territory within one-half mile of the outer limits of the state fair grounds."

By L. 1907, c. 234, the law was changed to the form now found in 2 Mason Minn. St. 1927, § 9110(4), by the addition of the further limitation that "this act shall not apply to any cities or villages having justice of the peace courts established by home rule charter."

We therefore have three enactments to consider: The law prior to 1907 which deprived justices of jurisdiction where municipal courts were established; the 1913 amendment thereof eliminating jury trials in prosecutions under ordinances; and the intermediate act of 1907 which excepted justices in home rule municipalities from such deprivation of jurisdiction. Statutes are said to be *"in pari materia"* when they relate to the same matter or subject even though some are specific and some general and even though they have not been enacted simultaneously and do not refer to each other expressly. Crawford, Statutory Construction, § 231; Richardson v. Harmon, 222 U. S. 96, 32 S. Ct. 27, 56 L. ed. 110; State v. Gerhardt, 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313. Although there is some authority to the contrary, the majority, and we think the wisest, rule is that resort may be had to statutes *in pari materia*. The reason is that all statutes which relate to the same subject matter were presumably enacted in accord with the same general legislative policy, and that together they constitute an harmonious and uniform system of law. Crawford, Statutory Construction, § 232, p. 435; Sedgwick,

Construction of Statutory and Constitutional Law (2 ed.) p. 209, *et seq.* See also our opinion in Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 293 N. W. 619.

Apparently the sole purpose of the 1913 act was to eliminate jury trials in cases involving ordinances. It took no cognizance of the 1907 act. The question then is whether the enactment of 1913 (1 Mason Minn. St. 1927, § 221) abrogates the 1907 law (2 Mason Minn. St. 1927, § 9110[4]). Repeal by implication is not favored by the courts, nor is the ousting of jurisdiction of a court. Maxwell, Interpretation of Statutes (8 ed.) c. VII. On page 140, Maxwell says: "Where a section in a statute is merely a reënactment of a section in a previous statute, it cannot operate as a repeal of an intermediate enactment." Morisse v. Royal British Bank, 26 L. J. C. P. 62, 64. Apparently it was not the purpose of the 1913 enactment to change in any way the 1907 law. It does not purport to cover the whole field, nor is it inconsistent or irreconcilable with the general provisions contained in the 1907 act. The two statutes are easily reconcilable, and certainly not necessarily inconsistent. Therefore they must be construed each in its own sphere. Rathbun v. State, 284 Mich. 521, 280 N. W. 35, 44. On page 545, the Michigan court says:

"Where a statute embraces only part of a subject covered comprehensively by a prior law, the two should be construed together unless a different legislative intent appears; the later being an exception or qualification of the prior only so far as they are repugnant."

See also Story Gold Dredging Co. v. Wilson, 106 Mont. 166, 76 P. (2d) 73; duPont v. Mills, 39 Del. 42, 196 A. 168, 119 A. L. R. 174; Mercado v. Superior Court, 51 Ariz. 436, 77 P. (2d) 810; Gates v. Long, 172 Tenn. 471, 113 S. W. (2d) 388; and 59 C. J. § 620, p. 1050, where the rule is expressed as follows:

"Where two acts in pari materia are construed together, and one contains provisions omitted from the other, the omitted provisions will be applied in the proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act."

Here Alexandria is a home rule charter city, and its charter provides for justice of the peace courts. That it may also have municipal courts is not to be denied. The legislature in its wisdom may provide for concurrent jurisdiction of both courts within the city limits, as it has throughout the county. Apparently it has done so, and it is not for us to question the legislative policy.

The writ of prohibition is quashed.

UPON APPLICATION FOR REARGUMENT.

On October 25, 1940, the following opinion was filed:

PER CURIAM.

Counsel for the relator insists with much earnestness that the respondent is a "city justice" as provided for in 1 Mason Minn. St. 1927, § 1828-47, and that consequently he is in a class excepted from 2 Mason Minn. St. 1927, § 9110, insofar as that section purports to regulate the jurisdiction of justices in criminal matters. We cannot follow counsel's reasoning in this regard. Section 1828-47 is part of the general incorporation act for cities of the fourth class and does not apply to the city of Alexandria, which is a home rule charter city.

Counsel also contends that 1 Mason Minn. St. 1927, § 1181, relating to the jurisdiction of justices in villages organized under the general act, evinces an intention to classify city and village justices in a different category from other justices and that § 8993, which makes general provision for the limitation of the jurisdiction of justices, corroborates his theory. He especially calls attention to the proviso at the end of that section, "that this section shall not affect the jurisdiction of any city justice or justice of the

peace under the charter of any city or village situated in two or more counties." As we view this proviso, it was calculated to preserve the jurisdiction of such justices over prosecutions for violation of city ordinances wherever committed within the city, although that city may lie in two or more counties, and neither the general sense nor the punctuation makes the proviso susceptible of the construction placed upon it by the relator nor does it further his theory that such justices were to be classified differently from other justices as to their general jurisdiction. We think that all of these provisions relating to the jurisdiction of justices of the peace are *in pari materia* and that their proper interpretation leads to the result which we arrived at in our original opinion.

Application for rehearing denied.