ITT Canteen Corp., Appellant, v. Porterfield, Tax
Commr., Appellee.

[Cite as ITT Canteen Corp. v. Porterfield (1972),
30 Ohio St. 2d 155.]

(No. 71-686—Decided May 17, 1972.)

156

Messrs. *Wright, Harlor, Morris & Arnold* and *Mr. George M. Hauswirth,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Dwight C. Pettay, Jr.,* for appellee.

CORRIGAN, J. It is urged by appellant that the cigarette excise tax and the sales tax are both levied upon sales of cigarettes and it is the sale of cigarettes that is the subject of the tax. The measure of the excise tax is the quantity of cigarettes sold which is on "each ten cigarettes sold or fractional part thereof." Appellant argues that such measure has no legal significance since the subject of the tax is the sale of the cigarettes to the consumer.

Argument is further advanced by appellant that the provision of R. C. 5743.022, which requires that "the tax shall be advanced and paid by the wholesale dealer," merely makes the wholesale dealer a bookkeeper for the state. It is appellant's position that the cigarette excise tax is a direct tax levied on the consumer at retail and so cannot be part of the cost of the seller; that these taxes are intended to be borne by the consumer at retail.

Appellant cites *Leader* v. *Glander* (1948), 149 Ohio St. 1, for the proposition that the cigarette excise taxes

levied by R. C. 5743.02, 5743.021 and 5743.023, being direct taxes, are not part of the consideration received by the retailer, and therefore are not to be included in the price for Ohio sales tax purposes. It must be noted that *Leader* involved the question as to whether or not a three percent admissions tax should be levied on the gross receipts which included a five percent Cincinnati boxing commission tax, the three percent Ohio admission tax, and a 20 percent federal tax. The Tax Commissioner did not make any claim that the federal tax should be included in gross receipts. This court held that the tax should be collected on the basis of the total amount so received, less the amount separately collected for federal taxes.

It should first be pointed out that R. C. 5743.02, 5743.021 and 5743.023 provide that "an excise tax on sales of cigarettes is hereby levied * * *." During the audit period of September 3, 1967, to February 15, 1969, each package of twenty cigarettes required an eight cents excise tax.

Then, R. C. 5743.022 provides, in part:

"* * * The tax shall be advanced and paid by the wholesale dealer * * * and shall be added to and collected from the purchaser or consumer as part of the retail price of the cigarettes * * *."

Further, R. C. 5739.01(H) defines price as "* * * the aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold * * * materials used, labor or service cost * * * or any other expense."

We are in agreement with appellee's contention that the cigarette excise tax is covered under "any other expense." It likewise seems to us that further evidence that the excise tax is part of the retail price is found in R. C. 5743.03, which, in part, provides:

"* * * the tax * * * shall be paid by the purchase of stamps. A stamp shall be affixed to each package of an aggregate denomination not less than the amount of the tax upon the contents thereof. * * * they shall be affixed

by each wholesale dealer \* \* \* prior to the delivery of any cigarettes to any person in this state."

Careful reading of these statutes, from which we have quoted above, requires this court to affirm the decision of the Board of Tax Appeals.

Concerning that part of R. C. 5743.022 which says that the cigarette excise tax is a "direct tax upon the consumer at retail," it is significant that this section further adds that it does not affect the "method of collection or payment" of cigarette taxes provided in R. C. 5743.01 to 5743.99.

Worthy of mention, too, is a Legislative Service Commission Report, in the record before us, which was issued at the time R. C. 5743.022 was enacted and which reads:

"The bill provides specifically that the cigarette tax shall be paid by the wholesale or retail dealer as provided by law and shall be added to and collected from the purchaser or consumer as a part of the retail price. It further declares that such provisions shall in no way affect the method of collection or payment of such taxes as is now provided by law. \* \* \*

"\* \* \* The purpose of defining the incidence of the cigarette tax upon the consumer is to allow cigarette taxes to be taken as a deduction against federal income tax. \* \* \*"

The Tax Commissioner's final order stated: "The claimant has not conclusively established the exact amount of tax paid in error or whether there has in fact been any erroneous payment of the tax."

On the record before us, the appellant has failed to establish that it was entitled to a refund. Apart from that, it is difficult to see how appellant can claim a refund when the consumer had paid the tax. By its own admission, it is not the consumer.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and, therefore, is affirmed.

*Decision affirmed.*

O'Neill, C. J., Schneider, Herbert, Stern, Leach and Brown, JJ., concur.