**STATE of Minnesota, Appellant,**

v.

**Brian Keith LUCAS, Respondent.**

**No. CO–97–2145.**

Court of Appeals of Minnesota.

May 12, 1998.

Review Granted July 16, 1998.

Hubert H. Humphrey, III, State Attorney General, for appellant.

Peg Birk, St. Paul City Attorney, Joel A. Franklin, Assistant City Attorney, for appellant.

John M. Stuart, Minnesota State Public Defender, Mark D. Nyvold, Special Assistant State Public Defender, for respondent.

Considered and decided by SCHUMACHER, P.J., and HUSPENI and SHUMAKER, JJ.

## OPINION

SHUMAKER, Judge.

Respondent Brian Keith Lucas was stopped in his motor vehicle by a police officer solely because of a violation of the child passenger restraint system law. The trial court ruled the stop unlawful and granted the respondent's motion to suppress evidence. Appellant appeals from the order suppressing the evidence. We affirm.

## FACTS

On October 6, 1997, a St. Paul police officer saw respondent drive a motor vehicle with three children, who appeared to be age four or under, standing and jumping in the back seat. Concerned for the children's safety and noting that they were unrestrained in violation of the law, the officer stopped the vehicle. The officer observed no moving traffic violation prior to the stop.

As the officer spoke with respondent he smelled a strong odor of alcohol on respondent's breath. Respondent admitted drinking four beers before driving, and when he failed a field sobriety test the officer arrested him, citing respondent for six gross misdemeanor alcohol-related driving offenses.

At the *Rasmussen* hearing, respondent moved to suppress all evidence on the ground that the stop was unlawful. The trial court granted the motion, and the state appealed. There are no facts in dispute.

## ISSUE

Are Minn.Stat. §§ 169.686 and 169.685 (1996) in pari materia so that the prohibition of a traffic stop solely for a seat belt violation must be applied also to a traffic stop solely for a child passenger restraint system violation?

## ANALYSIS

■ The trial court ruled that a traffic stop based solely on a child passenger restraint system violation is unlawful because a companion statute prohibits traffic stops solely for seat belt violations. Without using the specific term, the trial court ruled Minn. Stat. §§ 169.685 and 169.686 in pari materia. "In reviewing a district court's pretrial suppression order on undisputed facts, we determine independently as a matter of law whether the evidence must be suppressed." *State v. Fiebke*, 554 N.W.2d 755, 756 (Minn. App.1996).

■ Statutes are in pari materia if they relate to the same person or thing or have a common purpose. *Apple Valley Red–E–Mix, Inc. v. State Dept. of Public Safety*, 352 N.W.2d 402, 404 (Minn.1984). Statutes in pari materia are to be construed together and read in harmony so as to effectuate legislative intent, purpose, and policy. *State v. Bolsinger*, 221 Minn. 154, 160–161, 21 N.W.2d 480, 486 (1946).

Minnesota law requires motor vehicle drivers, front seat passengers, and front and rear seat passengers between ages four and ten to wear seat belts. In addition, the statute provides that

A peace officer may not issue a citation for a violation of this section unless the officer lawfully stopped or detained the driver of

the motor vehicle for a moving violation other than a violation involving motor vehicle equipment.

Minn.Stat. § 169.686, subd. 1(3) (1996).

This court held in *Fiebke*, 554 N.W.2d at 757, that Minn.Stat. § 169.686, subd. 1, creates a "conditional traffic offense" by "making a seatbelt violation unenforceable unless it accompanies another violation." The court further held that the legislature specifically intended to prohibit traffic stops solely for seat belt violations.

Minn.Stat. § 169.685 refers both to seat belts and child passenger restraint systems. As to the latter, the statute states:

No motor vehicle operator who is operating a motor vehicle on the streets and highways of this state may transport a child under the age of four in a seat of a motor vehicle equipped with a factory-installed seat belt, unless the child is properly fastened in the child passenger restraint system.

Minn.Stat. § 169.685, subd. 5(b) (1996).

This statute contains no limitation on a peace officer's authority to stop a vehicle solely for a violation of the child passenger restraint system requirement. Nor did *Fiebke*, 554 N.W.2d at 757, address this statute. There are two legal questions before us: (1) Are Minn.Stat. §§ 169.685 and 169.686 in pari materia? (2) If so, must the prohibition on traffic stops provided in section 169.686, subd. 1 (1996), be incorporated into section 169.685, subd. 5(b)?

■ The statutes clearly appear to be in pari materia. Statutes that have a common subject matter and that share various particulars respecting the common subject matter should be construed as constituting one systematic body of law. *In re Estate of Eriksen*, 337 N.W.2d 671, 673, n. 1 (Minn.1983). Each statute should be construed in light of, with reference to, and in connection with the others. *Bolsinger*, 221 Minn. at 154, 21 N.W.2d at 486. In this case, both statutes refer to devices or systems for restraining motor vehicle occupants; they obviously share a purpose of promoting traffic safety; both deal with the same general class of persons, namely, those who ride in motor

vehicles as drivers or passengers; they mandate the use by such persons of prescribed restraints; and they provide comparable minimal sanctions ($25 and $50 fines).

 It is not this court's function to supply limitations that the legislature purposely omits or inadvertently overlooks. Nevertheless, this court is not required to adopt "a literal construction * * * contrary to the general policy and object of the statute." *In re Raynolds' Estate,* 219 Minn. 449, 18 N.W.2d 238, 240–241 (1945). When statutes are in pari materia the rule as to omissions is:

> Where two acts in pari materia are construed together, and one contains provisions omitted from the other, the omitted provisions will be applied in the proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act.

*State ex rel. Carlton v. Weed,* 208 Minn. 342, 346, 294 N.W. 370, 372 (1940).

This same approach to omissions from in pari materia statutes was taken in *Wold v. Forrestal,* 133 Minn. 90, 92, 157 N.W. 998, 999 (1916), an action on a drainage contractor's bond. The issue concerned determining which of two types of bond was posted under a statute that omitted to classify the requisite bond. The supreme court acknowledged that a reading of the statute independently of any other statute would correctly support the defendant's position. But the court said that the statute should not be read without reference to its companion statutes because together they form a system of laws on the subject of drainage. The court held:

> [N]o sound reason can be assigned to sustain a holding that by the omission of a like classification in this statute there was an intention on the part of the Legislature to depart from its general policy * * *. Such a result would lead only to confusion in the law, a situation to be avoided in the construction of the statutes.

*Id.*

Likewise, we believe that there is no sound reason to think the legislature intended to depart in Minn.Stat. § 169.685 from its express policy and intent in Minn.Stat. § 169.686 of disallowing traffic stops solely for restraint violations.[1]

Not only do the statutes satisfy the criteria for in pari materia construction, but a contrary holding would engender confusion rather than clarity in the enforcement and application of the laws. Police officers would not be allowed to stop vehicles carrying unrestrained four-year-olds but could stop vehicles containing unrestrained three-year-olds. That distinction creates an inconsistency devoid of reason. Adding to the confusion is the situation that existed in this case. The children were five, four and three years of age, respectively. Under the state's interpretation, the officer could make the stop as to the unrestrained three-year-old, but such a stop directly contravenes the prohibition as to the other two children. An in pari materia construction makes the laws clear with respect to the traffic stop preclusion. We express no opinion as to the wisdom of such preclusion, a matter to be addressed by the legislature. See *Olson v. Ford Motor Co.,* 558 N.W.2d 491, 496 (Minn.1997).

## DECISION

The trial court properly granted respondent's motion to suppress evidence.

**Affirmed.**

HUSPENI, Judge (dissenting).

I respectfully dissent and would reverse the trial court. While all persons riding in a vehicle are vulnerable, tiny children are especially so. The legislature has extended to them the special protection of a required child passenger restraint system. That requirement is included in Minn.Stat. § 169.685 (1996). Minn.Stat. § 169.686 (1996), however, addresses seat belt requirements; it does not reference child passenger restraint systems. Most important, it seems to me, is the language of the restrictive enforcement provision of section 169.686:

---

1. We acknowledge that, in arguing legislative intent, the appellant cited comments made during hearings before the Senate Transportation Committee on March 3, 1981. We do not find those comments persuasive in view of the House Floor Debate on May 8, 1987, clearly expressing the intent noted in *State v. Fiebke,* 554 N.W.2d 755, 758 (Minn.App.1996).

A peace officer may not issue a citation for a violation of this section unless the officer lawfully stopped or detained the driver of the motor vehicle for a moving violation other than a violation involving motor vehicle equipment.

*Id.*, subd. 1. The legislature could have written the restraint enforcement provision to apply to "this section or section 169.685." It did not, and the legislative history of section 169.685 indicates that it was not to be read to limit an officer's discretion to stop a vehicle.[1] Six years later the legislative history does clearly reflect the intent to include a restraint enforcement provision in section 169.686. *See State v. Fiebke*, 554 N.W.2d 755, 758 (Minn.App.1996) (analyzing legislative history of section 169.686). *Fiebke*, however, addresses only section 169.686.

Nor do I believe the doctrine of in pari materia should be invoked with regard to these two statutory provisions. They do not relate to the same persons. They do not have the same purpose. Section 169.685 protects children under four. Section 169.686 applies to all persons above that age. The two sections do not refer to one another; a circumstance, I submit, which should cause us to be cautious lest we supply that which the legislature could have, but did not.

Finally, even though a child restraint system is easily distinguishable from a seat belt, I agree with the majority that distinguishing between an unrestrained three-year-old and an unrestrained four-year-old may be challenging. Peace officers, however, make challenging judgment calls every day in discharging their duties. And abundant case law assures us that peace officers may rely on their training and experience to draw inferences and make deductions that might elude others. *State v. Skoog*, 351 N.W.2d 380, 381 (Minn.App.1984). While it can be argued that determining age can as easily elude a peace officer as anyone else, if the legislature becomes convinced as a matter of public policy that possible confusion outweighs the concern for the safety of children, the legislature can amend the restrictive enforcement provision of Minn.Stat. § 169.686 to read: "A peace officer may not issue a citation for a violation of this section, or of section 169.685 unless * * *."

---

1. In response to a question by Department of Public Safety Commissioner John Sopsic as to whether there might be problems in enforcing this legislation, Senator Lantry stated that this law (section 169.685) would provide officers with the ability to stop vehicles. *Child Passenger Restraint Systems: Hearing on S.F. No. 263 Before the Senate Committee on Transportation,* (Mar. 3, 1981).