DECISION
Danny J. Gillman, defendant-appellant, appeals the May 24, 2001 judgment of the Franklin County Court of Common Pleas, in which the trial court, having found appellant violated his community control, sentenced him to serve five years incarceration consecutively to a sentence imposed in a separate case.
On February 27, 1997, appellant pled guilty in case No. 96CR-6802 to one count of attempted felonious assault. The trial court sentenced appellant to community control for a period of three years. On April 2, 2001, appellant pled guilty in case No. 00CR-6082 to two counts of aggravated robbery with a firearm specification. The trial court sentenced appellant to twenty-two years incarceration. On April 18, 2001, appellant stipulated the offense in case No. 00CR-6082 constituted a violation of his community control sanction imposed in case No. 96CR-6802. The trial court revoked appellant's probation and, pursuant to a judgment entry on May 24, 2001, sentenced him to a prison term of five years, to be served consecutively to the prison term imposed in case No. 00CR-6082. Appellant appeals the judgment of the trial court, asserting a single assignment of error:
 THE TRIAL COURT ERRED BY ORDERING APPELLANT'S SENTENCE TO BE SERVED CONSECUTIVELY TO CASE NUMBER 00CR-10-6082.
Appellant argues in his assignment of error the trial court erred in imposing his sentence in case No. 96CR-6802. R.C. 5145.01 provides that if a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment must run concurrently, except if the consecutive sentence provisions of R.C. 2929.14 and 2929.41 apply. R.C.2929.41(A) provides that a sentence of imprisonment must be served concurrently with any other sentence of imprisonment imposed by a court of Ohio, another state, or the United States, unless the court finds that consecutive sentences are warranted pursuant to R.C. 2929.14(E).
The parties agree that R.C. 2929.14(E)(1), (2), and (3) do not apply to the present circumstances. Therefore, the court could only order the sentences to be served consecutively if subsection (4) permits such. R.C. 2929.14(E)(4) provides, in pertinent part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Appellant claims R.C. 2929.14(E)(4) does not permit trial courts to impose a sentence in one case consecutive to a sentence previously imposed in a separate proceeding, but allows consecutive sentences only when a trial court is imposing multiple prison terms arising out of the same proceeding. Appellant puts forth various arguments to support his interpretation. Appellant points out that R.C. 2929.14(E)(1), (2), and (3) conspicuously state that a sentence imposed under any of the particular circumstances detailed in those subsections must be imposed consecutively to any other prison term previously or subsequently imposed upon the offender, while this requirement is absent from subsection (4). Appellant also points out that former R.C. 2929.41(B)(3), which was amended July 1, 1996, required a sentence of imprisonment to be served consecutively to any other sentence of imprisonment when it was imposed for a new felony committed by a probationer; however, amended R.C. 2929.41
deleted this requirement, instead indicating that all sentences must be served concurrently to any other sentences previously imposed in other cases by other courts, except as required by R.C. 2929.14(E).
Absent ambiguity, the plain meaning of a statute must guide an appellate court's interpretation. State ex. rel. Pennington v. Gundler (1996), 75 Ohio St.3d 171. The rule is that when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation. Symmes Twp. Bd. of Trustees v. Smyth (2000),87 Ohio St.3d 549, 553, citing Meeks v. Papadopulos (1980),62 Ohio St.2d 187, 190. "In such a case, we do not resort to rules of interpretation in an attempt to discern what the General Assembly could have conclusively meant or intended in * * * a particular statute — we rely only on what the General Assembly has actually said." Muenchenbach v. Preble Cty. (2001), 91 Ohio St.3d 141, 149.
In the present case, R.C. 2929.14(E)(4) states unambiguously, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *." The plain language of subsection (4) does not require multiple prison terms for multiple offenses to be imposed in the same proceeding or to be based upon the same facts in order for any resulting sentences to be served consecutively. Although appellant relies upon various inferences, interpretations, and assumptions utilizing the language of other subsections and related statutes, such are not necessary given the clear, nonrestrictive language of subsection (4). Had the legislature desired subsection (4) to apply only to multiple sentences and offenses arising out of the same proceeding, it could have simply provided for such restrictions in plain terms.
Subsections (1), (2), and (3) pertain to circumstances when there are multiple sentences and one of the sentences was for one of three specific types of conduct. Subsection (4) applies to all other situations when there exists multiple sentences. In subsections (1), (2), and (3), the legislature made it mandatory that sentences for gun specifications, crimes in a detention facility, and certain acts against a law enforcement officer be served consecutively to all other sentences imposed previously or subsequently. The legislature undoubtedly made consecutive sentences mandatory for such crimes to underscore the serious nature of those offenses. Subsection (4) then gives the trial court the discretion to determine whether sentences for multiple offenses that do not fit into subsections (1), (2), or (3) should be served consecutively. As subsections (1), (2), and (3) require sentences to be served consecutively to other sentences imposed previously or subsequently when the offense was of an especially serious nature, we read subsection (4) to give the trial court the discretion to order a sentence to be served consecutively to any previous or subsequent sentence when the court makes the required findings indicating that the prison terms should be served consecutively. While we agree R.C.2929.14(E)(4) is not a model of clarity, we do not believe the legislature intended that the trial court would not have this type of discretion in sentencing.
We find instructive our recent decision in State v. Washington (July 17, 2001), Franklin App. No. 00AP-1077, unreported. In Washington, the defendant was convicted of several state offenses and sentenced. Subsequently, he was convicted and sentenced for a federal crime. After he was sentenced for the federal crime, we reversed the defendant's state sentence and remanded the matter for resentencing. When the trial court resentenced the defendant, it ordered him to serve his state sentence consecutively to his federal sentence. On appeal, we found that R.C.2929.14(E)(4) permitted the trial court to impose a state sentence consecutively to a sentence previously imposed by a federal court. In other words, we found that sentences imposed by different courts in separate proceedings for separate offenses were "multiple prison terms * * * imposed on an offender for convictions of multiple offenses" within the meaning of R.C. 2929.14(E)(4). Likewise, in the present case, appellant's sentence for two counts of aggravated robbery and his subsequent sentence for probation violation constituted "multiple prison terms * * * imposed on an offender for convictions of multiple offenses" within the meaning of R.C. 2929.14(E)(4), so as to permit consecutive sentences.
In support of his argument, appellant cites our decision in State v. Koon (Apr. 13, 2000), Franklin App. No. 99AP-869, unreported. However, as a rule, this court does not use a memorandum decision as authority, and it has no binding precedential value. S.Ct.R.Rep.Op. 2(C) and 2(G)(1); [State ex rel.] McDonald v. Indus. Comm. (Dec. 12, 1995), Franklin App. No. 94APD12-1738, unreported; State ex rel. Stevenson v. Orient State Institute (Sept. 30, 1992), Franklin App. No. 91AP-1152, unreported, fn. 1. Nevertheless, Koon is readily distinguishable. In Koon, the defendant pled guilty to two counts of trafficking in cocaine while on parole for a previous offense. The court sentenced appellant to one year of incarceration for the trafficking counts, and ordered the sentence to be served consecutively with any sentence he may receive in the future as a result of his parole revocation. We found that R.C. 2929.14(E)(4) did not grant the trial court the authority to order the defendant's current sentence to be served consecutively with any future sentence for parole revocation. However, we agree with the state that Koon is distinguishable from the present case in that, in Koon, at the time the trial court imposed consecutive sentences, the defendant had not yet had his parole revoked and, thus, "multiple prison terms" had not yet been "imposed" on him as required by R.C. 2929.14(E)(4). In the present case, appellant had already been sentenced on the two counts of aggravated robbery when the trial court sentenced him pursuant to his probation revocation. Thus, we find our holding in Koon inapplicable to the present circumstances. For the foregoing reasons, we find the trial court did not err, and appellant's assignment of error is overruled.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT, P.J., and PETREE, J., concur.