BROWN ET AL., APPELLEES, *v.* BOARD OF EDN., MONROEVILLE LOCAL SCHOOL DISTRICT, APPELLANT.

(No. 798—Decided January 8, 1969.)

*Messrs. Hiltz & Wiedemann,* for appellees.
*Mr. Bernard W. Freeman,* prosecuting attorney, and *Mr. Ronald H. Freeman,* for appellant.

SMITH, P. J. This is an appeal on questions of law from a declaratory judgment of the Common Pleas Court awarding plaintiffs, appellees herein, title by adverse possession to certain land belonging to the defendant, appel-

lant herein, Board of Education, Monroeville Local School District. The case was submitted to the trial court upon an agreed statement of facts, to wit:

"It is stipulated by and between the parties hereto that the following facts shall be the basis to which the court applies the law in the within case.

"1. That plaintiffs, Clarence Brown and Robert Brown, are the present record owners in fee simple and in possession of the premises set forth in their petition herein, together with the buildings and improvements thereon.

"2. That the defendant (and its predecessor boards of education) has been the owner of record in fee of the one acre first parcel exception set forth in the description of plaintiffs' premises since 1879.

"3. That the east boundary of plaintiffs' premises, including the one acre parcel of the defendant, has been enclosed with a good, substantial line fence comprised of large wooden fence posts and connecting wire since prior to 1940.

"4. That the plaintiffs and plaintiffs' predecessors in title, since prior to 1940, have been and still are in possession, occupancy and use of defendant's said one acre parcel.

"5. That said possession, occupancy and use of the one acre parcel of defendant has been at all times since prior to 1940 and still is open, notorious, continuous, uninterrupted, exclusive, hostile and adverse."

Appellant makes the following assignments of error:

1. The court erred in overruling defendant's motion for a new trial, since the judgment of the court was contrary to law, in that an individual may not acquire title by adverse possession to land owned by a board of education of a local school district.

2. The court erred in the failing on request to prepare and file findings of fact and conclusions of law as required by *Section 2315.221, Revised Code.*

Counsel for appellant on oral argument did not argue the second assignment of error to the court and withdrew

the second assignment of error from consideration by the court. However, no prejudice appears since the case was submitted solely on an agreed statement of facts.

All the elements requisite in law for establishing title by adverse possession as applicable to private owners are admitted and established by the agreed statement of facts. The sole question is, therefore, presented as a matter of law, whether an individual can acquire land under the doctrine of adverse possession from a school board which owns real estate in fee for public school purposes.

A comprehensive and well-annotated statement of the nature and status of a board of education of a school district appears in 48 Ohio Jurisprudence 2d (Part 1) 749, as follows:

"School district boards of education are purely the creatures or creations of statute and have only such jurisdiction as the statutes confer. While boards of education wield the power of the state in their field, they are organizations subject to the control of the state Legislature and constitute instruments by which the Legislature administers the department of the civil administration of the state which relates to education and the schools. Such boards are agents of the state for the purpose of carrying on the affairs of the state, and they may be characterized as public school agents—that is, they are the arms, agencies, or instrumentalities of the state for the promotion of education throughout the state by the establishment of a statewide system of common schools, or agencies of the state for the organization, administration, and control of the public school system of the state separate and apart from the usual political and governmental functions of other subdivisions of the state.

"The board of education of each school district is constituted a body politic and corporate, but it is not a corporation within the provisions of the statutes governing corporations or a corporation for profit, as it owns no property except in a trust capacity for the purposes defined by statute. It is a corporation of a public nature charged with the performance of public duties, but is not a municipal

corporation. Owing to the very limited number of corporate powers conferred upon them, boards of education rank low in the grade of corporate existence and hence are properly denominated quasi corporations.''

It is further stated in 48 Ohio Jurisprudence 2d (Part 2) 79 with regard to the capacity and power of a board of education, as follows:

''The board of education of each school district is a body politic and corporate and, as such, is capable of acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district any grant or devise of land and any donation or bequest of money or other personal property. * * * ''

And on page 88 of the same volume, it is stated:

''By statute, the board of education of each school district is capable of disposing of real and personal property. But while it has the *capacity* to dispose of property, the *power* of a board of education to dispose of property depends solely upon statute, and one dealing with the board is presumed to know the limits placed upon the power of the board in this respect. Generally speaking, the board's power to dispose of property is limited to property not needed for the use of the public schools under its control, and the transfer of any property of a school district, real or personal, to private parties who pay no consideration therefor, is beyond the authority of a board of education.''

The powers and capacity of a board of education are succinctly stated in Section 3313.17, Revised Code, as follows:

''The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land and any donation or bequest of money or other personal property.''

While such section provides that school boards can

sue or be sued, research does not disclose reliable, reported decisions in Ohio holding that the doctrine of adverse possession operates against a school board whereby an individual can acquire title to land of a school board by prescription.

The case of *State, ex rel. Bd. of Edn.,* v. *Gibson,* 130 Ohio St. 318, does not decide the question involved in the case at bar, but simply holds that Section 11222, General Code (Section 2305.07, Revised Code), applies to a board of education in an action for amounts due for tuition aggregating the sum of $5,635.07.

The recent Supreme Court case of *Wayman* v. *Bd. of Edn.,* 5 Ohio St. 2d 248, in an action to enjoin a board from maintaining a nuisance upon its property, in the opinion, on page 249, says, as follows:

"It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies 'for the organization, administration and control of the public school system of the state.' *Cline* v. *Martin,* 94 Ohio St. 420, 426. There is no statute creating liability in tort. There is no such liability at common law. *Finch* v. *Board of Education of Toledo,* 30 Ohio St. 37; *Board of Education of Cincinnati* v. *Volk,* 72 Ohio St. 469. In short, a board of education is a body corporate and politic of the state of Ohio, and, therefore, a suit against the board is plainly a suit against the government and its property.

"Therefore, most jurisdictions hold that the acts of a board of education in the operation and maintenance of a public school system are immune from liability in damages for tort arising out of negligence."

The brief of counsel for appellees cites *Lessee of Cincinnati* v. *First Presbyterian Church,* 8 Ohio 299 (decided 1838), and *Oxford Township* v. *Columbia,* 38 Ohio St. 87 (decided in 1882), which hold, respectively, that the statute of limitations pertaining to adverse possession applies against a town or city corporation and a township. Obviously these cases are not authorities controlling a claim against the school board, appellant in this case, which is de-

6

fined in the case of *Wayman* v. *Bd. of Edn. supra*, to wit:

"It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies 'for the organization, administration and control of the public school system of the state.' * * *''

While the cases of *Lessee of Cincinnati* v. *First Presbyterian Church* and *Oxford Township* v. *Columbia, supra,* hold to the principle that sovereign power of the state is not bound by a statute of limitations, they also hold that the immunity from the doctrine of adverse possession as running against a considered lesser public interest peters out on the corporate or local level.

It is stated in 2 Corpus Juris Secundum 531, as follows:

"The acquisition of title by adverse possession as against the state to lands granted by congress to the state for school purposes is generally precluded either by the terms of the grant or by both the terms of the grant and constitutional provisions of the state; but in some states it is otherwise. Where, after the expiration of the charter of a corporation, the state has title to lands which were donated to the corporation for educational purposes, the fact that the state holds title in trust for the educational purposes and uses for which the donation was made does not render inapplicable a constitutional provision that prescription shall not run against the state.''

In 3 American Jurisprudence 2d 303, 304, it is stated:

"Although there is a divergence of opinion on the question, it is widely held that title to school property or land devoted to school purposes cannot be acquired by adverse possession. This is true in some jurisdictions because of constitutional or statutory provisions. The rule that adverse possession does not run against municipal property devoted to a public use has been held to apply to school district lands. * * *''

In an annotation on the subject of school districts in 55 A. L. R. 2d 634, the editors note as follows:

"Putting aside for the moment the effect of statutory

or constitutional provisions pertaining to the applicability of particular limitation statutes to suits by school districts for the recovery of its lands or property, there is a divergence of opinion on the general question whether lands of a school district may be acquired by adverse possession or prescription."

We are of the opinion that the better law and the weight of the authority outside Ohio is enunciated in *Warren Borough School District* v. *Peck* (1940), 39 Pa. D & C 689; *Howard* v. *Oroville School District* (1913), 22 Cal. App. 544, 135 P. 689; *Merritt Independent School Dist. No. 2* v. *Jones* (1952), 207 Okla. 376, 249 P. 2d 1007.

We conclude, therefore, that the doctrine of adverse possession cannot be invoked to acquire lands held in trust for school purposes against a board of education, appellant in this case, and the judgment of the Common Pleas Court is reversed: and this court, coming now to enter the judgment which should have been rendered by the lower court, enters judgment in favor of the appellant and dismisses the petition of appellee.

*Judgment reversed and final judgment for appellant.*

BROWN and STRAUB, JJ., concur.