WALTMIRE et al.

v.

WASHINGTON TOWNSHIP.

Court of Common Pleas of Ohio,
Lucas County.

No. CI01–1820.

Decided Sept. 28, 2001.

*Darrell Crosgrove,* for plaintiff James Waltmire.

*Damian M. Rodgers,* Lucas County Assistant Prosecuting Attorney, for defendant.

JUDITH ANN LANZINGER, Judge.

This case is before the court upon a motion for judgment on the pleadings filed by defendant Washington Township. Upon consideration of the pleadings, arguments of counsel, and applicable law, the court grants the motion.

I

The following facts are taken from the case record. Plaintiff James Waltmire was a police officer employed by defendant Washington Township ("the township"). Waltmire claims that the township did not pay him for certain regular and overtime work that he performed. Waltmire specifically alleges that the township required him to perform daily fifteen-minute briefings before every shift change, monthly ninety-minute "force meetings," and a certain amount of "volunteer" work on the Washington Township Auxiliary Police Force. He further contends that these obligations were a prerequisite to being considered for regular employment with the police department and that he was not compensated for these tasks.

On March 6, 2001, Waltmire filed a four-count complaint.[1] The first count alleges that he is entitled to payment of back wages for the three types of work he claims were uncompensated. His second count asserts that the unpaid wages for the alleged uncompensated work were not paid semi-monthly as required by R.C. 4113.15. The third count alleges that the township's failure to compensate for these three types of work violates the fair wage standards set forth in R.C.

---

1. Waltmire's complaint seeks certification as a class action; however, the issue of class certification has been delayed pending the outcome of the current motion.

4111.13. Finally, the fourth count avers that the township converted to its own use the back wages to which Waltmire was entitled. The township denies all liability, asserts a number of affirmative defenses, and has now filed a motion for judgment on the pleadings.

## II

Civ.R. 12(C) governs motions for judgment on the pleadings and provides:

"Motion for judgment on the pleadings.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

A motion to dismiss that is premised upon one or more of the grounds set forth in Civ.R. 12(B) and filed after the pleadings are closed is properly submitted as a motion for judgment on the pleadings pursuant to Civ.R. 12(C). See *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592, 635 N.E.2d 26. When considering a defendant's Civ.R. 12(C) motion, the court is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 297 N.E.2d 113.

## III

In its motion for judgment on the pleadings, the township makes several arguments. First, Waltmire does not fall within the purview of the fair wage standards provided by R.C. Chapter 4111, and, therefore, his first and third claims fail to state a claim upon which relief can be granted. Next, the second count fails, since R.C. 4113.15[2] does not apply to political subdivisions such as the township. Third, the fourth claim for conversion fails since it is premised upon the three other claims.

Waltmire responds that his first and third claims are separate, viable claims and that Section 22.1.1(B) of the Washington Township Police Department's Policies and Procedures Manual subjects Washington Township to pay its police officers pursuant to R.C. 4111.03, even though these officers are otherwise specifically excluded.

---

2. R.C. 4113.15(A) states:

"Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

The fair wage standards are set forth in two separate statutes. R.C. 4111.03(A) provides in part:

"An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 20 U.S.C.A. 207, 213, as amended."

R.C. 4111.10(A) provides:

"Any employer who pays any employee less than wages to which the employee is entitled under section 4111.01 to 4111.17 of the Revised Code, is liable to the employee affected for the full amount of the wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees as may be allowed by the court. Any agreement between the employee and the employer to work for less than the wage rate is no defense to an action."

Although R.C. 4111.03 and 4111.10 establish fair wage standards for "employees" in the state of Ohio, it must first be determined whether Waltmire is an "employee" as used in these sections. R.C. 4111.01(D) defines the term "employee" as it is used in R.C. 4111.03 and 4111.10 and provides:

"(D) 'Employee' means any individual employed by an employer but does *not include:*

"* * *

"(7) a member of a police or fire protection agency or student employed on a part-time or seasonal basis by a political subdivision of this state." (Emphasis added.)

This exception was addressed by the Ohio Supreme Court in *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 16 O.O.3d 212, 404 N.E.2d 159. In *Meeks*, full-time deputy sheriffs sought overtime pay pursuant to R.C. 4111.03. The court rejected their claim, finding that they were members of a police protection agency and, as such, were not "employees" for purposes of R.C. 4111.03. The court held:

"R.C. 4111.03 of the Ohio Minimum Fair Wage Standards Act does not require the payment of overtime compensation to any member of a police or fire protection agency working for an employer defined by R.C. 4111.01(D) [now R.C. 4111.01(C) ], as such persons were not intended by the General Assembly to be employees within the meaning of R.C. 4111.01(E)(7) [now R.C. 4111.01(D)(7)]." *Id.* at syllabus.

In this case, Waltmire himself, in the complaint, states that he is a member of a "police protection agency." As such, Waltmire is not an "employee" protected by

the fair wage standards set forth in R.C. 4111.03 and 4111.10 and has no rights under these statutory provisions. The first and third counts of the complaint fail to state a claim on which relief can be granted and must be dismissed.[3]

■ The township argues that Waltmire's second claim, that the overtime wages to which he is entitled were not paid semi-monthly, does not state a claim upon which relief can be granted, since R.C. 4113.15 does not apply to political subdivisions such as the township. The court agrees. R.C. 4113.15(A) states:

"Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each. month, pay such employees the wages earned by them during the last half of the preceding calendar month."

The township is not an individual, firm, partnership, association, or corporation, nor does it conduct a commercial business within this state. It is a political subdivision, which provides limited governmental function. R.C. 2744.01(F).[4] In an analogous situation, the Tenth District Appellate Court found that a board of education does not come within the scope of R.C. 4113.15, since it is a public entity, *i.e.,* not an individual, firm, partnership, association, or corporation. *Groveport Madison Local Edn. Assn. v. Groveport Madison Local Bd. of Edn.* (1991), 72 Ohio App.3d 394, 594 N.E.2d 994.

So too here. The Township is a political subdivision, and R.C. 4113.15, upon which Waltmire relies, simply does not apply to his situation. Waltmire's second count fails to state a claim upon which relief can be given and must be dismissed.

■■ Finally, the township argues that Waltmire's claim for conversion must fail as a matter of law, since it is based upon the preceding three claims of his complaint. In order to prevail on a claim for conversion, the plaintiff must show that the defendant wrongfully exercised dominion and control over property in exclusion of or inconsistent with the plaintiff's rights. *Joyce v. Gen. Motors Corp.*

---

3. In opposition to the township's motion, Waltmire attempts to argue that the township has elected to avail its police officers of the wage protections provided by R.C. Chapter 4111 through a "legislative" enactment of Section 22.1.1(B) of the Washington Township Police Department's Policies and Procedure's Manual. This theory, however, was not pled in the complaint and cannot be considered by the court on the present motion, since it is premised upon matters outside the pleadings in this case.

4. R.C. 2744.01(F) defines a "political subdivision":
   " 'Political subdivision' or 'subdivision' means a municipal corporation, *township,* county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." (Emphasis added.)

(1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172.   Waltmire's conversion claim is based on the idea that the township converted the overtime pay to which he was entitled to its own use.   However, since the township could not have violated R.C. 4111.03 and 4113.15, as stated above, it had no legal duty to Waltmire under those statutory provisions.   Without this crucial element, the conversion claim also fails.

As stated above, all four counts of Waltmire's complaint fail to state a claim upon which relief can be granted.   Therefore, the complaint must be dismissed as a matter of law.

Judgment Entry

It is therefore ordered that defendant's motion for judgment on the pleadings is granted.   Judgment is entered in favor of the defendant and against the plaintiffs on all counts of the complaint.

This is a **FINAL APPEALABLE ORDER**.   There is no just cause for delay.

*Judgment for defendant.*