The STATE of Ohio ex rel. OVERHOLSER BUILDERS, L.L.C., et al.

v.

BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY, Ohio, et al.

[Cite as *State ex rel. Overholser Builders, L.L.C. v. Clark Cty. Bd. of Commrs.*, 174 Ohio App.3d 631, 2007-Ohio-7230.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2007 CA 36.

Decided Nov. 21, 2007.

James F. Peifer, for relators.

Andrew P. Pickering, for respondents.

Per Curiam.

{¶ 1} This matter is before the court on the motion of the Board of Clark County Commissioners, Roger Tackett, David Hartley, John Detrick, and Michelle Noble, to dismiss the petition for a writ of mandamus. For the following reasons, the motion to dismiss is denied.

{¶ 2} The petition for a writ of mandamus sets forth the following underlying facts.

{¶ 3} On February 9, 2007, Overholser Builders, L.L.C., James and Nancy Davis, Gary and Linda Durst, and Dawn Annette Foreman Mishler ("relators") filed a petition with the Board of Clark County Commissioners for the annexation of approximately 61.38 acres located in Springfield Township to the city of Springfield. The petition was filed pursuant to R.C. 709.021 and 709.022, which set forth the special expedited procedure for annexation when all parties to the annexation consent. As required by R.C. 709.022(A), the petition was accompanied by cooperative economic-development agreements ("CEDA"), dated December 8, 1999, and December 1, 2000, between the city of Springfield, the Springfield Township Board of Township Trustees, and the Board of Clark County Commissioners. The CEDA provided that "the annexation of territory to the City not customarily recognized as contiguous to the corporate boundary of the City * * * will not, in any meaningful way[,] be detrimental to the unity of City

or of Township and should not and will not prevent annexation of such territory to City." On March 13, 2007, the board of commissioners denied the petition for annexation on the ground that the territory described in the petition was not contiguous to the city of Springfield.

{¶ 4} On May 1, 2007, relators filed a petition for a writ of mandamus, seeking a writ to compel the board of commissioners to grant the petition for annexation, which they claim is required by R.C. 709.022(A). On May 10, 2007, the board responded by filing a motion to dismiss the petition, arguing that mandamus is not an available remedy under R.C. 709.022. The board's argument is without merit.

{¶ 5} "[A]nnexation is strictly a statutory process." *In re Petition to Annex 320 Acres to S. Lebanon* (1992), 64 Ohio St.3d 585, 591, 597 N.E.2d 463. Consequently, the procedures for annexation and for challenging an annexation must be provided by the General Assembly. Id. at 591, 597 N.E.2d 463.

{¶ 6} "Since 2001, R.C. Chapter 709 has provided four procedures for the annexation of property. 2000 Am.Sub.S.B. No. 5 ('Senate Bill 5'). Three of those procedures are expedited procedures that may be used when all of the owners of property within the annexation territory sign the petition for annexation. See R.C. 709.021, 709.022, 709.023, and 709.024. Under each of these procedures, the owners of real estate contiguous to a municipal corporation may petition for annexation to that municipal corporation. R.C. 709.02(A)." *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 162 Ohio App.3d 394, 2005-Ohio-3872, 833 N.E.2d 788, ¶ 9, affirmed, 112 Ohio St.3d 262, 2006-Ohio-6411, 858 N.E.2d 1193.

{¶ 7} "The first, established by R.C. 709.022, commonly called an expedited type–1 annexation, applies when 'all parties,' including the township and the municipality, agree to the annexation of property. The second, established by R.C. 709.023, is commonly called an expedited type–2 annexation and applies when the property to be annexed to the municipality will remain within the township despite the annexation. The third type of special annexation, established by R.C. 709.024, is commonly called an expedited type–3 annexation and applies when the property to be annexed has been certified as 'a significant economic development project.'" *State ex rel. Butler Twp.*, 112 Ohio St.3d 262, 2006-Ohio-6411, 858 N.E.2d 1193, at ¶ 5.

{¶ 8} R.C. 709.07, which authorizes appeals under R.C. Chapter 2506, does not apply to expedited annexations. R.C. 709.021(C). Rather, each of the expedited procedures has provisions limiting challenges to decisions by the board of county commissioners. R.C. 709.022(B) states: "Owners who sign a petition requesting that the special procedure in this section be followed expressly waive their right

to appeal any action taken by the board of county commissioners under this section. There is no appeal from the board's decision under this section in law or in equity."

{¶ 9} The owners who sign a petition for an expedited type–2 annexation also "expressly waive their right to appeal in law or equity from the board of county commissioners' entry of any resolution under this section." R.C. 709.023(A). They also waive any rights "to sue on any issue relating to a municipal corporation requiring a buffer as provided in this section" and "to seek a variance that would relieve or exempt them from that buffer requirement." Id. R.C. 709.023(G) further provides: "If a petition is granted under division (D) or (F) of this section, the clerk of the board of county commissioners shall proceed as provided in division (C)(1) of section 709.033 of the Revised Code, except that no recording or hearing exhibits would be involved. There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."

{¶ 10} As for expedited type–3 annexations, R.C. 709.024(D) provides: "If all parties to the annexation proceedings consent to the proposed annexation, a hearing shall not be held, and the board, at its next regular session, shall enter upon its journal a resolution granting the annexation. There is no appeal in law or in equity from the board's entry of a resolution under this division." However, "[a]n owner who signed the petition may appeal a decision of the board of county commissioners denying the proposed annexation under section 709.07 of the Revised Code." R.C. 709.024(G). "No other person has standing to appeal the board's decision in law or in equity. If the board grants the annexation, there shall be no appeal in law or in equity." Id.

{¶ 11} In its motion to dismiss, the board of county commissioners argues that the statutory sections setting forth the expedited annexation procedures should be construed in pari materia. They note that all three sections include a provision that precludes, to some extent, an appeal of the board of county commissioner's decision but that only R.C. 709.023 specifically provides for review through a mandamus action. The board maintains that if the Ohio General Assembly intended that mandamus relief be available for all expedited annex-ations, it could have included mandamus language in each of the expedited-annexation sections. The board states: "By specifically allowing mandamus actions with regard to annexation proceedings under R.C. 709.023 but omitting that language from R.C. 709.022, the Ohio Legislature intended not to permit mandamus actions in connection with proceedings under R.C. 709.022."

{¶ 12} Relators respond that neither R.C. 709.022 nor 709.023 specifically authorizes or prohibits a mandamus action. Relators assert that the mandamus

language in R.C. 709.023 "is merely a portion of the notice required to be contained, in boldface capital letters, on an annexation petition circulated under R.C. 709.023" and that the legislature might have had good reason to specify different formal requirements and notice language for the three expedited-annexation situations. Relators further argue that mandamus relief is not dependent upon the right being specifically conferred in the annexation statute. Rather, relators state that mandamus "is a longstanding creature of common law," which is applicable whenever there is a clear legal right without an adequate remedy in the ordinary course of law.

{¶ 13} Relators misread R.C. 709.023 when they state that mandamus is mentioned only in R.C. 709.023(A), the portion of the type–2 annexation statute dealing with the notice requirements. As stated above, R.C. 709.023(G) specifically authorizes a party to seek a writ of mandamus "to compel the board of county commissioners to perform its duties under this section." Thus, at first blush, the Ohio General Assembly has expressly authorized a mandamus action for R.C. 709.023 alone. If we were to read the expedited annexation procedures in pari materia, as the board suggests, R.C. 709.022 and 709.024 seem to preclude both appellate relief and relief through a writ of mandamus. We decline to read the statutes in this manner.

{¶ 14} Section 16, Article I of the Ohio Constitution provides: "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." "This section of the Ohio Constitution protects the right to seek redress in Ohio's courts when one is injured by another." *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425.

{¶ 15} The Ohio legislature presumably limited the right of property owners to appeal in R.C. 709.022 on the ground that all parties to the annexation would have consented and thus no party would be aggrieved by the granting of the petition by the board of county commissioners. The statute does not appear to contemplate the situation here, in which the board of county commissioners has denied a petition filed under R.C. 709.022. Assuming arguendo that relators' petition was valid, the Board of Clark County Commissioners would have been required to enter upon its journal a resolution granting the annexation; the board of Clark County Commissioners would have lacked the discretion to act otherwise. R.C. 709.022(A). Accordingly, relators would have been entitled to have their petition granted. Thus, when a valid petition has been filed under R.C. 709.022, that statute creates a legal duty on the part of the board of county commissioners to grant the petition and a corresponding right on the part of

annexation petitioners to have the petition granted. Such a right cannot exist without a remedy.

{¶ 16} It is well established that a writ of mandamus will issue if the party seeking the writ demonstrates that the respondent is under a clear legal duty to perform the requested act, that there is a clear legal right to the requested relief, and that there is no plain and adequate remedy in the ordinary course of the law. E.g., *State ex rel. Leis v. Outcalt* (1982), 1 Ohio St.3d 147, 1 OBR 181, 438 N.E.2d 443; *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Accordingly, a writ of mandamus is an obvious remedy should a board of county commissioners fail to perform its statutory duty.

{¶ 17} To construe R.C. 709.022 in such a way that it creates a right without a remedy would render R.C. 709.022 in violation of Section 16, Article I of the Ohio Constitution. Accordingly, we cannot read R.C. 709.022 in pari materia with R.C. 709.023 in the manner that the board suggests. "In pari materia" is a rule of statutory construction, the basis of which is that the General Assembly, in enacting a statute, is assumed to have been aware of other statutory provisions concerning the subject matter of the enactment. See *Meeks v. Papadopulos* (1980), 62 Ohio St.2d 187, 190, 16 O.O.3d 212, 404 N.E.2d 159. However, rules of statutory construction are merely guidelines, which must give way when they lead to an interpretation of the statute that is unconstitutional.

{¶ 18} In sum, we must read R.C. 709.022 as implicitly including a right to seek relief through a writ of mandamus, regardless of the express reference to a mandamus action in R.C. 709.023.

{¶ 19} The motion to dismiss is overruled.

{¶ 20} This matter will proceed in accordance with the Rules of Civil Procedure and Loc.R. 8 of the Local Rules of the Second Appellate District.

So ordered.

WOLFF, P.J., and BROGAN and FAIN, JJ., concur.