OPINION *Page 2 
{¶ 1} Appellants Herbert and Donna Robinson appeal the decision of the Stark County Court of Common Pleas, which granted a motion to dismiss and motion for summary judgment in favor of Appellees City of Canton, Samuel Sliman (agent for the city), the Canton City Council Clerk, the Stark County Board of Commissioners and Osnaburg Township. The relevant facts leading to this appeal are as follows.
 {¶ 2} On February 6, 2007, the City of Canton filed an annexation petition with the Stark County Commissioners to annex to the city approximately 852 acres of land situated in Osnaburg Township. The annexation was titled "The Stark Ceramics, Inc./The Quarry Annexation." The petition sought an "Expedited Type I" annexation pursuant to R.C. 709.022, which requires, inter alia, 100% of the signatures of the real property owners in the area to be annexed. In addition, a Cooperative Economic Development Agreement ("CEDA") was executed between the City of Canton and Osnaburg Township in December 2006. Both of these items were attached to the petition. Dominion East Ohio Gas and Wheeling and Lake Erie Railroad, both of whom allegedly held title to some of the land in the 852-acre parcel, did not sign the petition.[1] *Page 3 
On February 8, 2007, the Stark County Board of Commissioners passed and approved the annexation.
 {¶ 3} Appellants Herbert and Donna Robinson, who own land in Osnaburg Township which is not part of the 852-acre annexation parcel, filed a Complaint in the Stark County Common Pleas Court on March 30, 2007 for Writs of Mandamus and Prohibition, Declaratory Judgment and Injunctive Relief. In their Complaint, appellants claimed that Dominion East Ohio Gas and Wheeling and Lake Erie Railroad were owners under the statute and were required to sign the petition. Further, appellants asserted that this failure rendered the annexation petition invalid.
 {¶ 4} On April 12, 2007, the City of Canton filed (1) a motion to dismiss appellants' requested preliminary injunction and (2) a motion for summary judgment. On April 13, 2007, the trial court heard oral arguments on the preliminary injunction and set a briefing schedule. On April 16, 2007, the trial court denied appellants' motion for injunctive relief. In the meantime, on the same day, Canton City Council approved the annexation. On May 2, 2007, the trial court granted the motion to dismiss and motion for summary judgment in favor of the City of Canton.
 {¶ 5} Appellants timely appealed, and herein raise the following four Assignments of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING RESPONDENTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AS RESPONDENTS FAILED TO COMPLY WITH R.C. 709.022.
 {¶ 7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING RESPONDENTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT *Page 4 
AS RESPONDENT FAILED TO COMPLY WITH THE AMENDMENT NOTICE REQUIREMENT OF R.C. § 701.07.
 {¶ 8} "III. THE TRIAL COURT ERRED IN GRANTING RESPONDENTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AS THE COURT HAD SUBJECT MATTER JURISDICTION TO REVIEW AND DECIDE RELATORS (SIC) COMPLAINT.
 {¶ 9} "IV. THE TRIAL COURT ERRED IN GRANTING RESPONDENTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT AS RELATORS DO HAVE STANDING TO PRESENT THEIR CLAIMS."
 IV. {¶ 10} As we find it dispositive of the present appeal, we will address appellants' Fourth Assignment of Error first. Appellants therein contend the trial court erred in concluding that appellants lacked standing to file their complaint in common pleas court, i.e., their complaint for declaratory judgment, injunctive relief, writ of prohibition, and writ of mandamus, to challenge the annexation. We disagree.
 {¶ 11} "[T]he procedures for annexation and for challenging an annexation must be provided by the General Assembly." State ex rel.Overholser Builders, L.L.C. v. Clark Cty. Bd. of Commrs.,174 Ohio App.3d 631, 884 N.E.2d 71, ¶ 5, citing In re Petition to Annex 320 Acresto S. Lebanon (1992), 64 Ohio St.3d 585, 591. One of the intentions of the legislature, in enacting the statutes governing annexation, was to give the property owner freedom of choice concerning the governmental subdivision in which his or her property will be located. SeeMiddletown v. McGee (1988), 39 Ohio St.3d 284, 286. The Ohio Supreme Court has recognized "the long-standing principle that *Page 5 
annexation is to be encouraged." See Smith v. Granville Twp. Board ofTrustees (1998), 81 Ohio St.3d 608, 613, 693 N.E.2d 219.
 Declaratory Judgment and Injunctive Relief {¶ 12} The Ohio Supreme Court has aptly recognized that the R.C. 709.022, expedited type-1 annexation, applies when "all parties," including the township and the municipality, agree to the annexation of property. State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty.Bd. of Commrs., 112 Ohio St.3d 262, 858 N.E.2d 1193, 2006-Ohio-6411, ¶ 5.
 {¶ 13} As used in R.C. 709.022, a "party" is limited to the following entities: the municipal corporation, the township(s) included in the proposed annexation territory, and the agent for the petitioners seeking annexation. See R.C. 709.021(D). Furthermore, once the board of county commissioners has granted an expedited type-1 annexation, "[t]here is no appeal from the board's decision under this section in law or in equity." R.C. 709.022(B). The General Assembly is completely silent as to any procedure for a neighboring landowner to challenge the R.C. 709.022 annexation of adjoining property. We are thus persuaded that persons in appellants' position have no legal standing to block, via a common pleas declaratory judgment action or petition for injunction, an expedited type-1 annexation. The General Assembly has apparently envisioned under R.C. 709.022 that the interests of those township property owners who are outside of the annexation parcel are best protected by the township trustees in agreeing to or opposing such an annexation. *Page 6 
 Writ of Mandamus/Writ of Prohibition {¶ 14} A relator seeking a writ of mandamus must demonstrate: "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225, citing State ex rel. Heller v. Miller (1980),61 Ohio St.2d 6, 399 N.E.2d 66, paragraph one of the syllabus. However, when mandamus is sought "merely for the protection of private rights, the relator must show some personal or special interest in the subject matter, since he is regarded as the real party in interest and his rights must clearly appear." State ex rel. Ohio Academy of Trial Lawyersv. Sheward (1999), 86 Ohio St.3d 451, 471-472, 715 N.E.2d 1062.
 {¶ 15} In regard to a writ of prohibition, "* * * a relator must establish that (1) the court or officers against whom it is sought are about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists." State ex rel. White v. Junkin, 80 Ohio St.3d 335, 336,1997-Ohio-340 (citations omitted). A writ of prohibition "is an extraordinary writ that is not routinely or easily granted." Id.
 {¶ 16} Appellants first contend that the annexation territory "almost completely surrounds" their property. Appellants' Brief at 11. As appellants assert that they are signatories to a competing annexation petition (Complaint at Para. 10), they argue that their "ability to annex their own property is significantly hindered, if not entirely precluded" by the annexation at issue. Id. Appellants secondly contend that the *Page 7 
annexation at issue will "alter municipal services," including road maintenance, police, and fire protection. Id.
 {¶ 17} We have recognized that "[n]either the Ohio Revised Code nor the Ohio Supreme Court have specifically delineated that the creation of an island is an impediment to annexation." In re Annexation of 17.958Acres of Land in Plain Township, Stark County, Ohio (April 17, 2000), Stark App. No. 1999CA00381, 2000 WL 502671. Furthermore, the issue of services should be focused not on the effect on the non-annexation properties, as appellants appear to contend, but on determining "[t]he ability of the annexing city to provide the necessary municipal servicesto the added territory." See In re Annexation of 1,544.61 Acres inNorthampton Tp. (1984), 14 Ohio App.3d 231, 233 (emphasis added). We thus herein hold that a property owner's assertions that an island or peninsula will be created by an adjoining expedited type-1 annexation do not create an interest or injury such as to permit standing in a complaint for writ of mandamus or prohibition. We further hold that a property owner's general assertions that municipal services will be affected by the neighboring type-1 annexation are insufficient to demonstrate standing for purposes of a writ of mandamus or prohibition.
 {¶ 18} Accordingly, appellants' Fourth Assignment of Error is overruled.
 I., II., III. {¶ 19} In their First, Second, and Third Assignments of Error, appellants present additional arguments challenging the trial court's dismissal and grant of summary judgment in favor of appellees. *Page 8 
 {¶ 20} Based on our conclusion regarding appellant's Fourth Assignment of Error, we find these arguments to be moot.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P. J., concurs separately.
Delaney, J., concurs separately.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Relators-appellants.
[1] R.C. 709.02(E) states as follows: "As used in sections 709.02 to709.21, 709.38, and 709.39 of the Revised Code, `owner' or `owners' means any adult individual who is legally competent, the state or any political subdivision as defined in section 5713.081 of the Revised Code, and any firm, trustee, or private corporation, any of which is seized of a freehold estate in land; except that easements and any railroad, utility, street, and highway rights-of-way held in fee, by easement, or by dedication and acceptance are not included within those meanings; and no person, firm, trustee, or private corporation, the state, or any political subdivision, that has become an owner of real estate by a conveyance, the primary purpose of which is to affect the number of owners required to sign a petition for annexation, is included within those meanings. * * *." *Page 9